NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

FLORENCE ROGERS, PETITIONER, v. NATIONAL SILK DYE-
ING COMPANY, RESPONDENT.

For the petitioner, *Donald M. Waesche*.

For the respondent, *Charles W. Broadhurst*.

\*     \*     \*     \*     \*     \*     \*

1. Simeon A. Rogers, of 269 Falmouth avenue, East Pat-
erson, New Jersey, was on November 26th, 1926, and for
sometime prior thereto, employed by the respondent as a
laborer, his rate of pay being $22 per week.

2. He died February 17th, 1927, at the Paterson General
Hospital from a strangulated hernia.

3. On November 24th, 1926, Simeon A. Rogers, upon the
conclusion of the day's work, complained of pain and of not
feeling well to the petitioner's wife, Florence Rogers. He
was later confined to his bed and did not work for the next
two days. He returned to work after this time and worked
fairly steady up to February 12th, 1927, as appears from the
records of the company. On this date he became ill and a Dr.
Curtis was called. Dr. Curtis saw him on February 14th,
15th and 16th, 1927. He ordered him to the hospital on Feb-
ruary 16th, 1927. Simeon A. Rogers died in the Paterson
General Hospital on February 17th, 1927, about twenty-four
hours after his admission.

4. The petitioner, Florence Rogers, testified that on No-
vember 26th, 1926, she, for the first time, saw her husband's
side, and at that time there appeared to be a black and blue
spot on his left side in the region of his hip, which was some
four inches in size and somewhat swollen.

5. It was stipulated by counsel that Dr. Curtis, if called as a witness, would testify that when he examined the decedent on February 14th, 1927, he found that he had a hernia at about the place where Mrs. Rogers had testified the black and blue area was situated. It definitely appears that no physician was consulted from November 24th, 1926, to February 15th, 1927. The doctor would further have testified that, in his opinion, the hernia could be due to a blow and that, in his opinion, it did not exist longer than about November 24th, 1926. He would further testify that the death was due to the hernia.

Application was made at the conclusion of petitioner's case, by counsel for the respondent, for dismissal of the proceedings on the following grounds—first, there was no evidence before the court that the hernia from which Simeon A. Rogers died was caused by an accident arising out of and in the course of his employment with the respondent on November 24th, 1926, as claimed; secondly, that the uncontradicted proof showed deceased did not consult a physician within twenty-four hours from the date of any alleged accident, as required by the statute; thirdly, that the petitioner failed to prove prostration as required by the act; fourth, that the petitioner failed to prove the descent immediately followed the cause; fifth, that petitioner failed to prove notice to the respondent within twenty-four hours, as required by the act. After consideration of the argument of counsel on the matter, I am of the opinion that the motion should be granted for the reasons stated.

\*        \*        \*        \*        \*        \*        \*

HARRY J. GOAS,
*Deputy Commissioner.*